**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD HOWARD BRITTAIN,<br><br>Plaintiff,<br><br>v.<br><br>PTL. WILLIAM LANCE,<br>PHILLIPSBURG POLICE DEPT.<br><br>Defendant. | Case No. 3:22-cv-04290-GC-TJB<br><br>**MEMORANDUM OPINION** |

CASTNER, U.S.D.J.

**THIS MATTER** comes before the Court upon Plaintiff Edward Howard Brittain's ("Plaintiff") Complaint, filed on June 27, 2022. (ECF No. 1.) The Plaintiff is currently in custody at Waymart State Correctional Institution in Waymart, Pennsylvania. Plaintiff, proceeding *pro se*, filed an *In Forma Pauperis* ("IFP") Application in conjunction with his Complaint alleging deprivations of his civil rights. (*See* ECF No. 1.) For the reasons stated herein, the Court will **DENY** Plaintiff's IFP Application without prejudice and this matter will be administratively terminated.

A prisoner who seeks to bring a civil action IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L. Civ. R. 81.2(b)

1

("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted IFP status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id*. § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id*. § 1915(e)(2)(B); *see also id*. § 1915A(b). If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. *See id*. § 1915(g).

Here, Plaintiff's IFP Application is incomplete as it does not include the required certified six-month prisoner account statement. (*See* Affidavit of Poverty and Account Certification (Civil Rights), form DNJ-ProSe-007-A-(Rev.12/2020).) Thus, the application will

2

be denied without prejudice and this matter will be administratively terminated. Plaintiff may reopen this action by either paying the $402.00 filing fee or submitting a complete IFP application.

Date: June 21, 2023

_____
GEORGETTE CASTNER, U.S.D.J.