NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD HOWARD BRITTAIN, <br><br> Plaintiff, <br><br> v. <br><br> PTL. WILLIAM LANCE, *et al.*, <br><br> Defendants. | Civil Action No. 22-4290 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon Defendants Patrolman William Lance and Phillipsburg Police Department's unopposed Motion for Summary Judgment (ECF No. 25) pursuant to Federal Rule of Civil Procedure (Rule) 56. Defendants seek dismissal of Plaintiff Edward Howard Brittain's Complaint (ECF No. 1). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **DENIED**.

I.    BACKGROUND

A.    Factual Background

On January 7, 2020, Patrolman Lance and other law enforcement officers carried out a warrant for the arrest of Plaintiff for the crime of burglary. (ECF No. 25-1 ¶ 1; ECF No. 25-3 at 4.)[1] The arrest occurred at 23 Bennett Street in Phillipsburg, New Jersey. (ECF No. 25-1 ¶ 1;

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

ECF No. 25-3 at 4.)  According to Patrolman Lance's report, Plaintiff was found hiding behind the dining room door at 23 Bennet Street.  (ECF No. 25-3 at 4.)  Patrolman Lance reported that after his colleague handcuffed Plaintiff's left wrist, Patrolman Lance attempted to place Plaintiff's right arm behind Plaintiff's back, but Plaintiff resisted control and moved his hand towards his waistband.  (*Id.* at 4-5.)  Patrolman Lance ordered Plaintiff to put his hand behind his back and stop reaching for his waistband.  (*Id.* at 5.)  Patrolman Lance struck Plaintiff with his right fist and made contact with the rear of Plaintiff's head, which Patrolman Lance reports caused Plaintiff to comply with Patrolman Lance's order.  (*Id.*)  Soon after, Plaintiff was transferred to a police station. (*Id.*)

## B.      Procedural Background

Plaintiff commenced this action on June 27, 2022.  (ECF No. 1.)  Plaintiff alleges that Patrolman Lance used excessive force during the January 7, 2020 arrest.  (*Id.* at 3.)  For example, Plaintiff alleges that Patrolman Lance "kneed [Plaintiff] in the back and started beating [him] in the head" such that Plaintiff's glasses broke.  (*Id.* at 3.)  Plaintiff brings a claim pursuant to 42 U.S.C. § 1983.[2]

On March 20, 2025, the Honorable Tonianne J. Bongiovanni, U.S.M.J., entered a Discovery Scheduling Order, directing that all discovery be completed by September 26, 2025.

---

[2]      Plaintiff does not cite 42 U.S.C. § 1983 in his Complaint.  (*See generally* ECF No. 1.) However, Plaintiff is proceeding *pro se*, so the Court will construe Plaintiff's Complaint liberally and treat it as pursuing an excessive force claim under 42 U.S.C. § 1983.  *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981) ("[G]iven this court's policy of interpreting pro se complaints liberally, we must view appellant's complaint as one alleging a cause of action under section 1983."); *Fata v. Sheehan*, Civ. No. 24-11030, 2025 WL 3771179, at *2 (D.N.J. Dec. 31, 2025) ("The Court construes *pro se* Plaintiff's Amended Complaint liberally, recognizing claims brought pursuant to 42 U.S.C. § 1983.").  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2

(ECF No. 23.)[3]  On April 14, 2025, Plaintiff indicated a change of address to Keystone Correctional Services, Inc. (Keystone) in Allentown, Pennsylvania.  (ECF No. 24.)  Three days later, Defendants filed the instant Motion for Summary Judgment, arguing that Plaintiff's excessive force claim is barred by the applicable statute of limitations.  (ECF No. 25.)  Plaintiff did not initially respond to this Motion.

On April 21, 2025, Defendants received proof of service that their Motion for Summary Judgment was "delivered to an individual" at Keystone.  (ECF No. 29.)  On May 19, 2025, Plaintiff moved to Alpha, New Jersey after his release from Keystone.  (ECF No. 26.)  Out of an abundance of caution—because it was not clear whether the "individual" served with the Motion for Summary Judgment at Keystone was in fact Plaintiff—Judge Bongiovanni administratively terminated the Motion and ordered Defendants to re-serve Plaintiff at his new address.  (ECF No. 29.)  Judge Bongiovanni also ordered that "[w]ithin two weeks of proof of service of Defendants' [M]otion . . . on Plaintiff, Plaintiff shall advise whether he intends to continue to litigate this case."  (*Id.*)

On July 15, 2025, Defendants confirmed proof of service at Plaintiff's Alpha, New Jersey address.  (ECF No. 31.)  One week later, on July 22, 2025, Plaintiff filed a motion seeking the appointment of *pro bono* counsel to assist with responding to the Motion for Summary Judgment.  (ECF No. 32.)  On September 18, 2025, Judge Bongiovanni denied Plaintiff's request without prejudice because, given the statute of limitations issue, "serious questions exist[ed] regarding whether Plaintiff's claims have arguable merit in fact and law, which is a threshold inquiry for the Court under [*Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993)] and its progeny."  (ECF No. 35 at 3.)  Judge Bongiovanni reinstated Defendants' Motion for Summary Judgment and set an October 6,

---

[3]    Between 2022 and 2025, the Court resolved a series of issues primarily pertaining to Plaintiff's *in forma pauperis* applications and Defendants' risk of default.  (*See* ECF Nos. 6-8, 12, 19-21.)

2025 deadline for Plaintiff to oppose the Motion or request an extension. (*Id.* at 3-4.) Plaintiff never fled an opposition or extension request. The Court therefore treats the Motion for Summary Judgment as unopposed. *See Anderson v. Harron*, Civ. No. 08-0185, 2009 WL 2058863, at *1 n.1 (D.N.J. July 7, 2009) ("Because [p]laintiff has not filed any opposition to the summary judgment motion, the [c]ourt treats the motion as unopposed.")

## II.    <u>LEGAL STANDARD</u>

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* When deciding the existence of a genuine dispute of material fact, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The Court must grant summary judgment if any party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[I]nferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).

Where, as here, a plaintiff has not filed a responsive brief, the Court may deem the summary judgment motion unopposed. *Anderson*, 2009 WL 2058863, at *1 n.1. Nevertheless, Rule 56(e)(3) "still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Ruth*

4

*v. Selective Ins. Co. of Am.*, Civ. No. 15-2616, 2017 WL 592146, at *2 (D.N.J. Feb. 14, 2017); *see also Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (failure to respond to a summary judgment motion "is not alone a sufficient basis for the entry of a summary judgment").

## III.    <u>DISCUSSION</u>

Defendants argue their Motion should be granted because Plaintiff's § 1983 claim is time-barred.  (ECF No. 25-2 at 5-6.)  The Court finds summary judgment is not warranted at this time because there is a factual dispute that has a direct bearing on whether equitable tolling of the statute of limitations is appropriate.

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  Thus, "[t]he length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose."  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace*, 549 U.S. at 387). "Personal injury torts in New Jersey, where the alleged excessive force incident occurred, have a two-year statute of limitations."  *Hernandez v. Montoya*, 636 F. Supp. 3d 511, 517 (D.N.J. 2022) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).

"Federal law, on the other hand, governs the issue of when a § 1983 claim accrues such that the statute of limitations begins to run." *Id.*  (citing *Dique*, 603 F. 3d at 185.)  "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Id.*  (quoting *Kach*, 589 F.3d at 634) (finding plaintiff was aware or reasonably should have been aware of his injury on date of alleged assault by defendants).  The statute of limitations period stops running on the date a plaintiff files his or her complaint; thus, courts must examine the period between the injury and the filing of the complaint to determine

5

whether the § 1983 claim is timely filed.  *See, e.g.*, *Robinson v. Twp. of Irvington Police Dep't*, Civ. No. 17-13206, 2018 WL 3435072, at *2 (July 17, 2018) (finding § 1983 claim time-barred when complaint was filed two years and eight days after allegedly false arrest).

However, failure to timely file may be excused under certain circumstances.  "Although federal law governs when a § 1983 claim accrues, the general rule is that state tolling principles apply to § 1983 claims." *Hernandez*, 636 F. Supp. 3d at 517 (citing *Kach*, 589 F.3d at 639).  "New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass;' (2) 'where a plaintiff has in some extraordinary way been prevented from asserting his rights;' and (3) 'where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.'" *Fahey v. Hollywood Bicycle Ctr., Inc.*, Civ. No. 08-3573, 2009 WL 749856, at *4 (D.N.J. Mar. 18, 2009) (quoting *Freeman v. State*, 788 A.2d 867, 879-80 (N.J. Super. Ct. App. Div. 2002).  "Federal courts invoke the doctrine of equitable tolling only sparingly." *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotation marks omitted and citation omitted).  And "[a]bsent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff alleges he was subjected to excessive force on January 7, 2020.  (ECF No. 1 at 3; ECF No. 25-1 ¶ 1; ECF No. 25-3 at 4.)  Plaintiff filed his Complaint in this matter on June 27, 2022.  (ECF No. 1 at 1; ECF No. 25-1 ¶ 3.)  Plaintiff thus filed his Complaint more than two years after the alleged injury.  Absent tolling, the Court would be required to dismiss Plaintiff's

§ 1983 excessive force claim. *Hernandez*, 636 F. Supp. 3d at 517; *Robinson*, 2018 WL 3435072, at *2.

However, the Court believes equitable tolling may be appropriate under the third tolling scenario: "where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Fahey*, 2009 WL 749856, at *4. This is because Defendants submit a letter dated January 7, 2022—exactly two years after the arrest at issue and several months before the Complaint in this matter—in which the Clerk of Court of the District Court for the District of New Jersey confirms receipt of a submission by Plaintiff. (*See* ECF No. 25-3 at 16.) The letter states: "If your intent is to file a new complaint, your paperwork must contain the following: . . . ." (*Id.*) The letter then lists the pleading requirements. (*Id.*) Defendants provide no further context for the letter, nor has Plaintiff supplied any information. (*See generally* ECF No. 25.) Drawing all inferences in Plaintiff's favor, as the Court must, the Court finds there is a factual dispute surrounding this January 7, 2022 submission. From this filing alone, the Court is unable to discern whether Plaintiff did in fact timely assert his rights but did so through a defective pleading. *See Fahey*, 2009 WL 749856, at *4. Indeed, Plaintiff includes this letter as an attachment to his Complaint and describes it as his "first Civil Complaint submission." (ECF No. 1-2 at 1-2.) Therefore, the Court is unable to award summary judgment at this time because the factual circumstances, once clarified, may reveal that equitable tolling is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion for Summary Judgment (ECF No. 25) is **DENIED**.  An appropriate Order follows.

Dated: February 11, 2026

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**